# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Joseph N. Back,
    Plaintiff

vs.

Court of Common Pleas,
Butler County, Ohio, et. al.
    Defendants

Case No. 1:09-cv-554-HJW-TSH
(Weber, Sr. J.; Hogan, M. J.)

## REPORT AND RECOMMENDATION

This matter is before the Court on defendant Court of Common Please, Butler County Ohio, Judge D. Andrew Nastoff's motion to dismiss (Doc 10), and pro se plaintiff Joseph Back's memorandum in opposition. (Doc. 17). For the reasons set forth more fully below, this Court recommends that the complaint against the Court of Common Pleas, Butler County, Ohio, Judge Nastoff, be dismissed.

Plaintiff initiated this action with the filing of a pro se complaint on August 4, 2009. (Doc. 1). The complaint names the Court of Common Pleas, Butler County, Ohio, Judge D. Andrew Nastoff, and the Court of Appeals, Twelfth District Of Ohio, as parties defendant. (Doc. 1, Complaint, pp. 2-3). Plaintiff's complaint generally alleges that the Court of Common Pleas of Butler County, Ohio, Judge Nastoff presiding, discriminated against him because he was a pro se litigant in an action plaintiff filed in state court against the Madison School Board for alleged violations of Ohio's Sunshine Law. Plaintiff contends that he was not treated fairly by Judge Nastoff and that the Court did not "answer" his injunction when it ruled against him in the underlying state court action. (See generally Doc. 1, Ex. 1, attached).

Plaintiff's complaint contains a section entitled, "Statement of Claim" which states in its entirety:

> Discrimination: I feel I was discriminated against by the courts because I was not an attorney I (sic) feels the Courts never answered my injunction.
> See attached exhibits# 1 & 2

(Doc. 1, p. 4). Exhibits 1 and 2 attached to the complaint are plaintiff's narrative statements setting forth his recitation of events in the underlying state court actions before the Butler County, Ohio, Court of Common Pleas and the Ohio Twelfth District Court of Appeals.

In addition, plaintiff's complaint sets forth the following prayer for relief:

> I feel that the Courts never did answer my injunction and that they discriminated against me because I was not an Attorney.
> I feel that the Courts should be held accountable for their action of discrimination.

(Id., p. 5).

Defendant the Ohio Court of Common Pleas, Butler County, Ohio, Judge Nastoff, moves the Court to dismiss this action. Defendant's motion is based on a statute of limitations argument. In support of its motion, defendant has filed a certified copy of the judgment entry rendered in the underlying state court action by Judge Nastoff which demonstrates that the Common Pleas Court entered summary judgment against plaintiff on the underlying state court action on February 16, 2007. (See Doc. 11, Att. 1). Defendant argues the Court should construe its motion to dismiss as a summary judgment motion and consider the certified judgment entry in determining that this Court lacks jurisdiction over the present action. Defendant contends that the Court lacks jurisdiction because plaintiff failed to file this case within the two year statute of limitations period applicable to claims brought under 42 U.S.C. § 1983.

Plaintiff responds that his action was not untimely because he was exhausting his right to appeal in the underlying state court case before bringing his claims before this Court.

2

As discussed more fully below, the Court need not construe defendant's motion as one for summary judgment, nor does the Court need to reach the question of whether plaintiff's claims were filed within the statute of limitations period. Plaintiff's complaint fails to meet basic pleading standards and should be dismissed for failure to state a claim. In the alternative, defendant Court of Common Pleas, Judge Nastoff presiding, is entitled to absolute judicial immunity.

Normally, when conducting a review of a 12(b)(6) motion to dismiss, the Court cannot consider facts outside of the pleadings. However, the Sixth Circuit holds that district courts can take judicial notice of public records, such as unreported judicial proceedings. *Passa v. City of Columbus,* 123 Fed. Appx. 694, 697 (6th Cir.2005); *E.E.O.C. v. Jeff Wyler Eastgate, Inc.*, 2006 WL 2785774, * 2 (S. D. Ohio 2006)(Watson, J.). Accordingly, if the Court were to consider the certified judgment entry filed by defendants, it could take judicial notice of the filing and need not construe the present motion as one for summary judgment.

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal for failure to state a claim for relief, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the plaintiff need not plead specific facts, his statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (citations omitted).

In ruling on defendant's motion to dismiss, the Court must construe the complaint in the light most favorable to plaintiff. *League of Women Voters of Ohio v. Brunner,* 548 F.3d 463, 475 (6th Cir.2008). In doing so, the Court must draw all reasonable inferences in favor of plaintiff, but it "need not accept as true legal conclusions or unwarranted factual inferences." *Jones v. City of Cincinnati,* 521 F.3d 555, 559 (6th Cir.2008). Additionally, the factual allegations stated in the complaint "must be enough to raise a right to relief above the speculative level; they must state a claim that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)). The plaintiff's ground for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. *See Papasan v. Allain,* 478 U.S. 265, 286 (1986) (courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405-06 (6th Cir. 1998) ("court need not accept

3

as true legal conclusions or unwarranted factual inferences"). The complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory."*Weiner v. Klais and Co., Inc.,* 108 F.3d 86, 88 (6th Cir. 1997) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly,* 550 U.S. at 555 (citations omitted). While the complaint need not contain "heightened fact pleading of specifics," it must provide "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Id.* at 570. *Pro se* litigants are afforded some leeway in their pleadings, but they still must satisfy the basic pleading standards. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir.1989).

Plaintiff's complaint fails to state a claim for relief. While the defendants apparently construe pro se plaintiff's complaint as stating a claim for relief under 42 U.S.C. § 1983, the Court does not so interpret plaintiff's pleading. Plaintiff's complaint fails to set forth allegations in support of even the most basic elements of a claim under § 1983. In order to maintain an action under 42 U.S.C. § 1983, plaintiff must allege that the person engaging in the conduct complained of was acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n,* 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor,* 451 U.S. 527, 535 (1981), *overruled in part on other grounds, Daniels v. Williams,* 474 U.S. 327 (1986)). Plaintiff's complaint does not contain either direct or inferential allegations with respect to the elements necessary to sustain a recovery under any viable legal theory. *See Weiner,* 108 F.3d at 88. Accordingly, plaintiff's complaint should be dismissed.

Assuming *arguendo* that plaintiff's complaint does set forth a claim for relief against defendant Butler County Court of Common Pleas, Judge Nastoff, the claims against this defendant are barred by the doctrine of absolute judicial immunity. Absolute judicial immunity bars suits against a judicial officer for all actions taken in the judge's judicial capacity, unless the actions are taken in the complete absence of any jurisdiction. *See Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir.1994). Although common law judicial immunity previously extended only to suits for money damages, *see Pulliam v. Allen,* 466 U.S. 522, 541-43(1984), Congress expanded the scope of that immunity by enacting the Federal Courts Improvement Act of 1996 ("FCIA"). *Roth v. King,* 449 F.3d 1272, 1286-87 (D.C.Cir.2006); *Gilbert v. Ferry,* 401 F.3d 411,

4

414 n. 1 (6th Cir.2005). Under the FCIA in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief is not available unless a declaratory decree was violated or declaratory relief was unavailable. *Patrick v. Butzbaugh* WL 311073, * 2 -3 (W. D. Mich.2009). Consequently, 42 U.S.C. § 1983 "explicitly immunizes judicial officers against suits for injunctive relief." *Roth,* 449 F.3d at 1286.

> As the Sixth Circuit has stated,
>
> Judicial immunity is available even if the judge acts erroneously, corruptly, or in excess of his or her jurisdiction. However, a judge will not be immune from suit where: (1) the judge acts in an non-judicial capacity; or (2) the judge acts in the complete absence of all jurisdiction. A judge acts in the complete absence of all jurisdiction only if a matter was clearly outside the court's subject matter jurisdiction.

*Marshall v. Bowles,* 92 Fed. Appx. 283, 285 (6th Cir.2004) (citing *Mireles v. Waco,* 502 U.S. 9 (1991), and *King v. Love,* 766 F.2d 962, 966 (6th Cir.1985)).

In the present case, there is no allegation that Judge Nastoff was acting in the complete absence of jurisdiction. According, defendant is entitled to absolute judicial immunity and should be dismissed from this action.

IT IS THEREFORE RECOMMENDED THAT: Defendant's motion to dismiss (DOC. 10) be GRANTED.

_____
Timothy S. Hogan
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

Joseph N. Back,
    Plaintiff

vs                                          Case No. 1:09-cv-554-HJW-TSH
                                                  (Weber, Sr. J.; Hogan, M. J.)

Court of Common Pleas,
Butler County, Ohio, et. al.
    Defendants

**NOTICE TO THE PARTIES REGARDING THE FILING OF
OBJECTIONS TO THIS R&R**

    Pursuant to Fed. R. Civ. P. 72(b), within fourteen (14) days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Joseph N. Back
7750 Dickey Rd.
Middletown OH 45042

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☒ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Transfer from service label)
   7002 3150 0000 8389 8442

PS Form 3811, August 2001     Domestic Return Receipt     102595-02-M-1540

1:09cv554 (Doc. 25)