UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Joseph N. Back,
    Plaintiff

vs

Court of Common Pleas,
Butler County, Ohio, et. al.
    Defendants

Case No. 1:09-cv-554-HJW-TSH
(Weber, Sr. J.; Hogan, M. J.)

### REPORT AND RECOMMENDATION

    This matter is before the Court on defendant Twelfth District Court of Appeals of Ohio's motion to dismiss (Doc. 12), which the Court construes as a motion for summary judgment (Doc. 29), and pro se plaintiff Joseph Back's memoranda in opposition. (Doc. 19, 34). For the reasons set forth more fully below, this Court recommends that the complaint against the Twelfth District Court of Appeals of Ohio be dismissed.

    Plaintiff initiated this action with the filing of a pro se complaint on August 4, 2009. (Doc. 1). The complaint names the Court of Common Pleas, Butler County, Ohio, Judge D. Andrew Nastoff, and the Court of Appeals, Twelfth District Of Ohio, as parties defendant. (Doc. 1, Complaint, pp. 2-3). Plaintiff's complaint generally alleges that the Court of Common Pleas of Butler County, Ohio, Judge Nastoff presiding, discriminated against him because he was a pro se litigant in an action plaintiff filed in state court against the Madison School Board for alleged violations of Ohio's Sunshine Law. Plaintiff contends that he was not treated fairly by Judge Nastoff and that the Court did not "answer" his injunction when it ruled against him in the underlying state court action. (See generally Doc. 1, Ex. 1, attached). Plaintiff's complaint contains a section entitled, "Statement of Claim" which states

in its entirety:

> Discrimination: I feel I was discriminated against by the courts because I was not an attorney I (sic) feels the Courts never answered my injunction.
> See attached exhibits# 1 & 2

(Doc. 1, p. 4). Exhibits 1 and 2 attached to the complaint are plaintiff's narrative statements setting forth his recitation of events in the underlying state court actions before the Butler County, Ohio, Court of Common Pleas and the Ohio Twelfth District Court of Appeals.

In addition, plaintiff's complaint sets forth the following prayer for relief:

> I feel that the Courts never did answer my injunction and that they discriminated against me because I was not an Attorney.
> I feel that the Courts should be held accountable for their action of discrimination.

(Id., p. 5).

Defendant Twelfth District Court of Appeals of Ohio, moves the Court to dismiss this action, arguing that the Court is entitled to absolute immunity from claims for both money damages and for claims for declaratory or injunctive relief. Defendant also argues that the Rooker-Feldman doctrine precludes plaintiff from seeking to appeal the state court judgment in this court.

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323.

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly

supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.).

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Plaintiffs' complaint should be dismissed because the Twelfth District Court of Appeals of Ohio is not a legal entity capable of being sued. Capacity to sue or be sued in the United States District Courts is governed by Rule 17, Fed. R. Civ. P. Rule 17(b) provides, in pertinent part: "In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held. . . ." Fed. R. Civ. P. 17(b). Thus, this Court must look to the law of the state of Ohio to determine whether the Twelfth District Court of Appeals of Ohio is an entity capable of being sued.

The Ohio Supreme Court has concluded that Ohio courts are not *sui juris*. "Absent express statutory authority, a court can neither sue nor be sued in its own right." *Malone v. Court of Common Pleas of Cuyahoga County*, 45 Ohio St.2d 245, 248, 344 N.E.2d 126 (1976)(quoting *State ex rel. Cleveland Municipal Court v. Cleveland City Council,* 34 Ohio St.2d 120, 121, 296 N.E.2d 544 (1973)). Plaintiff has not cited any authority, nor is this Court aware of any, contrary to the Ohio Supreme Court's conclusion in *Malone*. Therefore, the Twelfth District Court of Appeals of Ohio is not a legal entity capable of being sued. *See Burton v. Hamilton County Juvenile Court*, 2006 WL 91600, *5 (S.D. Ohio 2006). See also *Burton v. Hamilton County Juvenile Court*, Case No. 1:04-cv-368, 2006 WL 91600, *5 (S.D.

3

Ohio Jan 11, 2006) (holding that the Hamilton County Juvenile Court is not a legal entity capable of being sued); *Yoel v. Gandolf*, Case No. 1:06-cv-387, 2007 WL 777983, *5 (N.D. Ohio March 12, 2007) (holding that the Lake County, Ohio Court of Common Pleas cannot sue or be sued in a § 1983 action); *Harsh v. City of Franklin, Ohio*, No. 1:07-cv-874, 2009 WL 806653, at *4 -5 (S.D. Ohio March 26, 2009) (Weber, J.).

Moreover, plaintiff's complaint fails to state a claim for relief under 42 U.S.C. § 1983. Plaintiff's complaint fails to set forth allegations in support of even the most basic elements of a claim under § 1983. Nor has plaintiff come forward with any evidentiary materials which support such a claim. In order to maintain an action under 42 U.S.C. § 1983, plaintiff must demonstrate that the person engaging in the conduct complained of was acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)). Plaintiff's complaint does not contain either direct or inferential allegations with respect to the elements necessary to sustain a recovery under any viable legal theory. *See Weiner*, 108 F.3d at 88. Nor has plaintiff presented evidence which creates a genuine issue of material fact.

IT IS THEREFORE RECOMMENDED THAT: Defendant's motion (DOC. 12) be GRANTED and this matter be terminated on the docket of this Court.

_____
Timothy S. Hogan
United States Magistrate Judge

4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

---

Joseph N. Back,
    Plaintiff

vs                                       Case No. 1:09-cv-554-HJW-TSH
                                             (Weber, Sr. J.; Hogan, M. J.)

Court of Common Pleas,
Butler County, Ohio, et. al.
    Defendants

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), within fourteen (14) days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☑ Agent ☐ Addressee<br>B. Received by (Printed Name) — C. Date of Delivery |
| 1. Article Addressed to:<br>Joseph N Back<br>7750 Dickey Rd.<br>Middletown, OH 45042 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 3150 0000 8389 8756 |
| PS Form 3811, August 2001 | Domestic Return Receipt — 102595-02-M-1540 |

1:09cv554 (Doc. 35)